# Tiffany Reddick Plaintiff vs. Akima Global Services LLC Defendant

**Broward County Case Number:** CACE19005980
**State Reporting Number:** 062019CA005980AXXXCE
**Court Type:** Civil
**Case Type:** Other - Discrimination Employment or Other
**Incident Date:** N/A
**Filing Date:** 03/18/2019
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 04 Perlman, Sandra

## − Party(ies)
Total: 2

| Party Type | Party Name | Address | Attorneys / Address  ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | Reddick, Tiffany | | |
| Defendant | Akima Global Services LLC | | |

## − Disposition(s)
Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

## − Event(s) & Document(s)
Total: 6

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|

Exhibit A

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 04/01/2019 | Summons Returned Served | 28th day of March, 2019 at 2:35 pm<br>Party: *Defendant* Akima Global Services LLC | 📄 | 2 |
| 03/27/2019 | Summons Issued Fee | Payor: REMER GEORGES PIERRE PLLC. ; Userid: CTS-fg/t ; Receipt: 20191FA1A044306;<br>;<br>Amount: $10.00 | | |
| 03/21/2019 | eSummons Issuance | AKIMA GLOBAL SERVICES, LLC | 📄 | 1 |
| 03/19/2019 | Filing Fee | Payor: REMER GEORGES PIERRE PLLC. ; Userid: CTS-fg/t ; Receipt: 20191FA1A040675;<br>;<br>Amount: $401.00 | | |
| 03/18/2019 | Civil Cover Sheet | | 📄 | 2 |
| 03/18/2019 | Complaint (eFiled) | Party: *Plaintiff* Reddick, Tiffany | 📄 | 11 |

— Hearing(s)                                                                      Total: 0

There is no Disposition information available for this case.

— Related Case(s)                                                                 Total: 0

There is no related case information available for this case.

Exhibit A

Filing # 87249010 E-Filed 04/01/2019 11:59:54 AM

## RETURN OF SERVICE

State of Florida                County of BROWARD                Circuit Court

Case Number: CACE-19-005980

Plaintiff:
**TIFFANY REDDICK**

vs.

Defendant:
**AKIMA GLOBAL SERVICES,LLC**

For:
Anthony M. Georges-Pierre
REMER & GEORGES-PIERRE, PLLC
44 W. Flagler Street
Ste 2200
Miami, FL 33130

Received by OJF SERVICES, INC. on the 27th day of March, 2019 at 1:59 pm to be served on **AKIMA GLOBAL SERVICES, LLC REGISTERED AGENT: CT CORPORATION SYSTEM, 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324.**

I, ANDREW KARP, do hereby affirm that on the **28th day of March, 2019 at 2:35 pm**, I:

**CORPORATE SERVED:** by delivering a true copy of the **SUMMONS AND COMPLAINT** with the date and hour of service endorsed thereon by me, to: **DONNA MOCH** EMPLOYEE OF CT CORPORATION SYSTEM at the address of: **1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324** as registered agent for AKIMA GLOBAL SERVICES, LLC REGISTERED AGENT: CT CORPORATION SYSTEM, and informed said person of the contents therein, in compliance with state statutes 48.081.

I CERTIFY THAT I AM OVER THE AGE OF 18, HAVE NO INTEREST IN THE ABOVE ACTION, AND THAT I AM A SPECIAL PROCESS SERVER APPOINTED BY THE SHERIFF, IN GOOD STANDING, IN THE JUDICIAL CIRCUIT IN WHICH PROCESS WAS SERVED. "UNDER PENALTY OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THAT THE FACTS STATED IN IT ARE TRUE, 92.525.

ANDREW KARP
SPS #260

OJF SERVICES, INC.
13727 S.W. 152nd Street
P.M.B. 354
Miami, FL 33177
(786) 293-5750

Our Job Serial Number: OJF-2019004842

Copyright © 1992-2019 Database Services, Inc. - Process Server's Toolbox V8.0h



*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 4/1/2019 11:59:54 AM ****

Exhibit A

Filing # 86787454 E-Filed 03/21/2019 04:46:41 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA.

Case No. CACE-19-005980

TIFFANY REDDICK,

    Plaintiff,

v.

AKIMA GLOBAL SERVICES, LLC,
a Florida Limited Liability Company,

    Defendant.

_____/

## SUMMONS IN A CIVIL CASE

TO: AKIMA GLOBAL SERVICES, LLC, through its Registered Agent:

C T CORPORATION SYSTEM
1200 SOUTH PINE ISLAND ROAD
PLANTATION, FL 33324

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

ANTHONY M. GEORGES-PIERRE, ESQ.
REMER & GEORGES-PIERRE, PLLC.
44 WEST FLAGLER STREET
SUITE 2200
MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK

BRENDA D. FORMAN

MAR 27 2019
DATE

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 3/21/2019 4:46:39 PM ****

4842

Exhibit A

Filing # 86787454 E-Filed 03/21/2019 04:46:41 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA.

Case No. Cace-19-005980

TIFFANY REDDICK,

    Plaintiff,

v.

AKIMA GLOBAL SERVICES, LLC,
a Florida Limited Liability Company,

    Defendant.
_____/

## SUMMONS IN A CIVIL CASE

TO: AKIMA GLOBAL SERVICES, LLC, through its Registered Agent:

    C T CORPORATION SYSTEM
    1200 SOUTH PINE ISLAND ROAD
    PLANTATION, FL 33324

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK

(BY) DEPUTY CLERK
**BRENDA D. FORMAN**

MAR 27 2019

DATE

Exhibit A

## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA

Case No.: _____
Judge: _____

Tiffany Reddick
Plaintiff
vs.
Akima Global Services, LLC.
Defendant

### II. TYPE OF CASE

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability
- ☐ Real Property/Mortgage foreclosure
  - ☐ Commercial foreclosure $0 - $50,000
  - ☐ Commercial foreclosure $50,001 - $249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 – 50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999

- ☐ Non-homestead residential foreclosure $250,00 or more
- ☐ Other real property actions $0 - $50,000
- ☐ Other real property actions $50,001 - $249,999
- ☐ Other real property actions $250,000 or more

- ☐ Professional malpractice
  - ☐ Malpractice – business
  - ☐ Malpractice – medical
  - ☐ Malpractice – other professional
- ☒ Other
  - ☐ Antitrust/Trade Regulation
  - ☐ Business Transaction
  - ☐ Circuit Civil - Not Applicable
  - ☐ Constitutional challenge-statute or ordinance
  - ☐ Constitutional challenge-proposed amendment
  - ☐ Corporate Trusts
  - ☒ Discrimination-employment or other
  - ☐ Insurance claims
  - ☐ Intellectual property
  - ☐ Libel/Slander
  - ☐ Shareholder derivative action
  - ☐ Securities litigation
  - ☐ Trade secrets
  - ☐ Trust litigation

*** FILED: BROWARD COUNTY, FL BRENDA D. FORMAN, CLERK 3/19/2019 1:35:45 PM ****

Exhibit A

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order. Yes ☐ No ☒

III. **REMEDIES SOUGHT** (check all that apply):
   - ☒ Monetary;
   - ☒ Non-monetary declaratory or injunctive relief;
   - ☒ Punitive

IV. **NUMBER OF CAUSES OF ACTION: (   )**
(Specify)

   3

V. **IS THIS CASE A CLASS ACTION LAWSUIT?**
   - ☐ Yes
   - ☒ No

VI. **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
   - ☒ No
   - ☐ Yes – If "yes" list all related cases by name, case number and court:

VII. **IS JURY TRIAL DEMANDED IN COMPLAINT?**
   - ☒ Yes
   - ☐ No

---

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature s/ Anthony M Georges-Pierre   FL Bar No.: 533637
    Attorney or party                                         (Bar number, if attorney)

Anthony M Georges-Pierre   03/19/2019
    (Type or print name)                                      Date

Exhibit A

Case Number: CACE-19-005980 Division: 04

Filing # 86558699 E-Filed 03/18/2019 03:11:51 PM

IN THE CIRCUIT COURT OF THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA.

Case No. _____

TIFFANY REDDICK,

    Plaintiff,

v.

AKIMA GLOBAL SERVICES, LLC,
a Florida Limited Liability Company,

    Defendant.

_____/

## COMPLAINT

COMES NOW, Plaintiff, DESILIA DAVOBER ("Plaintiff"), on behalf of herself by and through undersigned counsel, files this Complaint against Defendant AKIMA GLOBAL SERVICES, LLC ("Defendant") and states as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees and costs as a result of discrimination predicated on Plaintiff's race, color, and sex all in violation of the Florida Civil Rights Act, §760.01, et seq., Florida Statutes (hereinafter the "FCRA").

2. The jurisdiction of the Court over this controversy is based upon the FCRA.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident of Broward County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FCRA.

4. Defendant, AKIMA GLOBAL SERVICES, LLC, has its principle place of business in Broward County, Florida, where Plaintiff worked for Defendant.

5. Venue is proper in Broward County, Florida because all of the actions that form the basis of this Complaint occurred within Broward County, Florida, the discriminatory acts took place in Broward County, Florida and damages are due in Broward County, Florida.

6. Defendant was a "person" and/or "employer" pursuant to Florida Civil Rights Act of 1992, *Fla. Stat. Section 760.01, et seq.* since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute, the FCRA.

7. At all times material hereto, Plaintiff was an "employee" within the meaning of Florida Civil Rights Act of 1992, Fla *Stat. Section 760, et seq.* and it is subject to the employment discrimination provisions of the applicable statutes.

8. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission, the agency responsible for investigating claims of employment discrimination. This charge was dually filed with the Florida Commission on Human Relations.

9. Plaintiff was issued a Notice of Right to Sue on February 11, 2019. This suit is filed in accordance with that Notice and within the applicable 90-day time limitation.

10. Declaratory, injunctive, legal, and equitable relief is sought pursuant to the laws set forth above together with attorneys' fees, costs and damages

11. All conditions precedent for the filing of this action before this Court has been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12. Plaintiff was employed with Defendant from on or about July 10, 2017 through on or about July 27, 2018.

13. Plaintiff is a Black, African American female and, as such, is in a protected category and a covered employee for purposes of the FCRA.

14. Throughout Plaintiff's employment, the Housing Unit for Defendant, of which Plaintiff was a part of, would go to dinner together and come back together.

15. On or about June 22, 2018, the Housing Unit went to dinner as usual. Once everyone came back, Plaintiff asked the Roving Officer (White Male) if he conducted the routine security check and he said yes.

16. Plaintiff documented the Roving Officer's response as usually done in the regular course of her duties.

17. As a result of this being a routine, protocol procedure, Plaintiff had no reason to doubt that the security check was not conducted.

18. On or about June 29, 2018, Plaintiff was called in to the Project Manager's office, Michelle Jones (White Female), where she explained Plaintiff was being put on non-paid administrative leave because Defendant staff checked the cameras and found that the security check was not conducted on or about June 22, 2018. Defendant stated that, therefore, Plaintiff had "falsified documents" which was not true.

19. The Roving Officer who lied about the security check did not get put on leave and was not reprimanded in any form whatsoever.

20. On or about July 27, 2018, Plaintiff received a call from Defendant stating she was being terminated.

21. Prior to this incident, Plaintiff has never been written-up nor received any warning for infractions during her employment.

22. Throughout Plaintiff's employment with Defendant, Plaintiff was able to perform the essential functions of her job duties and responsibilities, and at all relevant times did perform her job at satisfactory or above satisfactory levels.

23. Any explanation proffered by Defendant for the adverse employment actions toward Plaintiff is mere pretext for unlawful discrimination.

## COUNT I
### *DISCRIMINATION BASED ON RACE IN VIOLATION OF THE FCRA*

24. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

25. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals race.

26. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon race considerations or reasons.

27. The Plaintiff is a Black individual and she possessed the requisite qualifications and skills to perform her position with Defendant.

28. Plaintiff was qualified for her position with Defendant.

29. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated non-Black employees were allowed better work opportunities.

30. The Plaintiff was terminated as a result of her race and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

31. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

32. Moreover, as a further result of the Defendant unlawful race based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

33. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her race in the terms, conditions, and privileges of employment.

34. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of race.

35. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

## COUNT II
### *DISCRIMINATION BASED ON COLOR IN VIOLATION OF THE FCRA*

36. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

37. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individuals color.

38. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon color considerations or reasons.

39. The Plaintiff is a Black individual and she possessed the requisite qualifications and skills to perform her position with Defendant.

40. Plaintiff was qualified for her position with Defendant.

41. The Plaintiff was subjected to disparate treatment in the work place, in that similarly situated non-Black employees were allowed better work opportunities.

42. The Plaintiff was terminated as a result of her color and the reasons given by Defendant, if any, for her termination are mere pretext for illegal discrimination.

43. As a direct and proximate result of the Defendant unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

44. Moreover, as a further result of the Defendant unlawful color based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

45. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her color in the terms, conditions, and privileges of employment.

46. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination because of color.

Exhibit A

47. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendant; find that the Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining the DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of color;

D. Reinstate PLAINTIFF to the same position she held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF'S costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

Exhibit A

### COUNT III
### *DISCRIMINATION BASED ON SEX/GENDER*
### *IN VIOLATION OF THE FCRA*

48. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-22 of this Complaint as if set out in full herein.

49. At all times material hereto, Defendant failed to comply with the Florida Civil Rights Act of 1992 Florida Statues Section 760.10 which in its relevant section states it is an unlawful employment practice for an employer to discriminate or discharge or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's sex/gender.

50. The applicable statute, FCRA, prohibits an employer from making employment decisions, or from taking any personnel action, affecting the terms, conditions and privileges of one's employment, based upon sex/gender-conformity considerations or reasons.

51. The Plaintiff is a female and former employee of Defendant and she possessed the requisite qualifications and skills to perform her position with Defendant.

52. While employed with Defendant, Plaintiff was subjected to discrimination and harassment based on her gender.

53. As a direct and proximate result of the Defendant's unlawful acts, Plaintiff has suffered great and irreparable economic harm and other associated losses such as emotional distress, humiliation, embarrassment, and economic losses.

54. Moreover, as a further result of the Defendant's unlawful gender based discriminatory conduct, the Plaintiff has been compelled to file this action and she has incurred the costs of litigation.

55. Plaintiff was qualified for her position with Defendant.

Exhibit A

56. Defendant violated the Florida Civil Rights Act of 1992 (FCRA) by discriminating against Plaintiff because of her gender in the terms, conditions, and privileges of employment.

57. The Defendant's actions were malicious and were reckless indifferent to the Plaintiff's rights pursuant to Florida Statute Section 760, protecting a person from discrimination.

58. The aforementioned actions of Defendant were done wantonly, willfully, maliciously, and with reckless disregard of the consequences of such actions.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant; find that Defendant indeed violated the FRCA, and in addition, order the following additional relief:

A. Declare that the acts complained of herein are in violation of the Florida Civil Rights Act;

B. Award PLAINTIFF compensatory damages for emotional distress, embarrassment and humiliation;

C. Grant a permanent injunction enjoining DEFENDANT, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates;

D. Reinstate PLAINTIFF to the same position he held before the retaliatory personnel action, or to an equivalent position;

E. Reinstate full fringe benefits and seniority rights to PLAINTIFF;

F. Order DEFENDANT to make PLAINTIFF whole, by compensating PLAINTIFF for lost wages, benefits, including front pay, back pay with prejudgment interest;

G. For a money judgment representing prejudgment interest;

Exhibit A

H. Award any other compensation allowed by law including punitive damages and attorney's fees (448.104);

I. Grant PLAINTIFF's costs of this action, including reasonable attorney's fees;

J. Grant PLAINTIFF a trial by jury; and

K. Grant such other and further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 3/18/19

Respectfully submitted,

Anthony M. Georges-Pierre, Esq.
Florida Bar No.: 533637
agp@rgpattorneys.com
Max L. Horowitz, Esq.
Florida Bar No.: 118269
mhorowitz@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC
COURTHOUSE TOWER
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005
Email: agp@rgpattorneys.com
mhorowitz@rgpattorneys.com

Exhibit A